PHIL S. TAYLOR, Employee, Plaintiff v. BRIDGESTONE/FIRESTONE, Employer, GALLAGHER BASSETT SERVICES, Carrier, Defendants

No. COA02-470

(Filed 6 May 2003)

## Workers' Compensation— future medical treatment—Parsons presumption

The trial court erred in a workers' compensation case by finding that plaintiff employee has failed to prove by the greater weight of the evidence that there is a substantial risk for the necessity of future medical treatment as a result of his compensable injury by accident, because: (1) the findings do not delineate between the two separate inquiries of whether plaintiff can show he is at substantial risk of needing future medical treatment, known as the Parsons presumption, and whether defendants can prove any anticipated future medical treatment will not be reasonably related to the original compensable injury; and (2) it appears the Commission erroneously placed the burden of proof for both inquiries on plaintiff instead of requiring defend-

ants to prove that future medical treatment is not related to the original injury.

Judge HUNTER dissenting.

Appeal by plaintiff from opinion and award filed 18 January 2002[1] by the North Carolina Industrial Commission. Heard in the Court of Appeals 11 February 2003.

*Edwards & Ricci, P.A., by Brian M. Ricci, for plaintiff appellant.*

*Cranfill, Sumner & Hartzog, L.L.P., by David A. Rhoades and Jaye E. Bingham, for defendant appellee.*

BRYANT, Judge.

Phil S. Taylor (plaintiff) appeals from an opinion and award of the Full Commission of the North Carolina Industrial Commission (the Commission) filed 18 January 2002 in favor of Bridgestone/Firestone, Inc. (Bridgestone) and Gallagher Bassett Services, Inc. (collectively, defendants).

The Commission made the following findings of fact, to which plaintiff assigns no error:[2]

1. . . . [P]laintiff . . . [has] been employed as a first-stage tire builder for [Bridgestone] . . . . While working for [Bridgestone], on or about [1 March 1997], plaintiff sustained a compensable injury by accident, namely a right rotator cuff tear, arising out of and in the course of his employment.

. . . .

4. On [3 September 1997] and [13 October 1997], plaintiff was examined by Tally E. Lassiter, Jr., M.D. [(Dr. Lassiter)], an orthopaedist, who recommended surgery to repair plaintiff's right torn rotator cuff. Consequently, plaintiff's rotator cuff was surgi-

---

1. We note that although the opinion and award of both the Deputy Commission and the Full Commission of the North Carolina Industrial Commission refer to defendant-employer as simply Bridgestone/Firestone and its carrier as simply Gallagher Bassett Services, the majority of Industrial Commission forms and orders entered in this case refer to defendant-employer as Bridgestone/Firestone, Inc. and its carrier as Gallagher Bassett Services, Inc.

2. Accordingly, these findings are deemed supported by competent evidence and are binding on appeal. *See Watson v. Employment Sec. Comm'n,* 111 N.C. App. 410, 412, 432 S.E.2d 399, 400 (1993).

cally repaired on [4 November 1997]. Thereafter, plaintiff underwent physical therapy during his recuperation and returned to work on or about [20 March 1998]. On [4 May 1998], Dr. Lassiter gave plaintiff indefinite light-duty restrictions of no carrying or lifting greater than twenty to forty (20-40) pounds and no activities above shoulder level.

5. Thereafter, plaintiff did not return to Dr. Lassiter until [14 June 1999], which was over a year from his last visit. Plaintiff complained of right shoulder pain. Dr. Lassiter indicated that plaintiff had nearly full range of motion of both shoulders, good strength and no instability. . . . Dr. Lassiter diagnosed right shoulder strain, recommended physical therapy, prescribed Celebrex and continued plaintiff's light-duty restrictions.

6. On [6 October 2000], four months after the [deposition] of Dr. Lassiter [in this matter], plaintiff returned to Dr. Lassiter with continued complaints for which Dr. Lassiter prescribed Vioxx, continued light-duty restrictions and requested that plaintiff return for follow up in six weeks.

7. On [17 March 1998], the parties entered into a partial settlement agreement whereby defendants accepted compensability of plaintiff's claim as of 20 March 1998. . . .

8. An I.C. Form 18M was forwarded to the Commission on behalf of plaintiff on [7 December 1999], which was filed within the two year time period as specified in N.C. Gen. Stat. [§] 97-25.1(i). By way of correspondence dated [23 December 1999,] defendants denied plaintiff's request for future medical treatment.

9. Plaintiff continues to have right shoulder pain and difficulty related to his injury of [1 March 1997], his age and current job duties. Plaintiff testified that his right shoulder bothers him every day and that he has learned to live with pain in order to continue to meet the duties of his employment. Between plaintiff's return to work in March 1998 and Dr. Lassiter's deposition on [20 September 2000], a period of two and one-half years, plaintiff only sought treatment with Dr. Lassiter on two occasions, [4 May 1998] and [14 June 1999].

The Commission also found as fact, to which plaintiff did assign error:

10. The Form 18M filed by plaintiff includes Dr. Lassiter's statement that there is a substantial risk that plaintiff will require additional medical care resulting from his compensable injury. However, the greater weight of the evidence, including Dr. Lassiter's deposition testimony, indicates that there is not [] a substantial risk that plaintiff will require future medical treatment as a result of his injury. Although Dr. Lassiter testified that plaintiff's age and job duties could cause plaintiff to have additional shoulder problems requiring additional treatment, Dr. Lassiter did not have an adequate understanding of plaintiff's job duties. Furthermore, the greater weight of the evidence indicates that the likelihood of the risk of future medical treatment falls short of the standard that the risk be substantial and related to the injury itself and not additional difficulties arising from age or activities. . . .

Based on these findings, the Commission concluded: "Plaintiff has failed to prove by the greater weight of the evidence that there is a substantial risk for the necessity of future medical treatment as a result of his compensable injury by accident."

The evidence before the Commission came from the deposition testimony of plaintiff, Bishop Tucker (Tucker), a Bridgestone safety engineer, and Dr. Lassiter, plaintiff's treating physician. Tucker testified that the job duties of a first-stage tire builder, like plaintiff, required cutting rubber with a heated knife on a tire assembly machine located about waist high and then placing the cut rubber tire "carcasses," which weighed ten to fifteen pounds each, on three different racks located at shoulder, waist, and floor level. In an eight-hour shift, plaintiff produced between 175 to 200 tires.

Dr. Lassiter testified, based on his understanding of plaintiff's job duties, that in his opinion plaintiff had a "substantial risk" of needing future medical treatment. Moreover, plaintiff's original injury made it more likely that plaintiff would need future medical treatment. On cross-examination, Dr. Lassiter stated his understanding of plaintiff's job was that it involved bringing tires up and down from more or less ground level, or knee level, to shoulder level. He was not aware that the knife used to cut the rubber was heated, which makes cutting less stressful, and that if the weight of the tires plaintiff was lifting was within the prescribed weight restrictions, it would probably not cause undue harm. Dr. Lassiter was also confronted with other facts from Tucker's account of plaintiff's job description. Even after being con-

fronted with the facts of plaintiff's job description, Dr. Lassiter maintained that plaintiff's risk of future medical treatment was "substantial to [physical therapy], anti-inflammatories, injections it may be a risk, but not to surgery." Dr. Lassiter further testified that the cause of this risk was plaintiff's age and job duties, opining that, if plaintiff had a sedentary job involving mostly desk work, he would not have a substantial chance of needing future medical treatment. Dr. Lassiter also thought that, having had surgery, "[i]f defendant had another job where he was lifting a moderate amount of weight repetitively at his age," he would have a substantial risk of needing future medical treatment. On re-direct examination, Dr. Lassiter was asked "because [plaintiff] had surgery and is doing the job that he's doing now, that gives him the substantial risk of needing additional treatment?" Dr. Lassiter responded, "I would have to fall back and say he has a moderate risk of having to have more treatment and problems with that shoulder . . . . There's not much way around it, unless you make him completely sedentary, in my opinion."

---

The dispositive issue is whether the Commission improperly combined the inquiries into whether plaintiff had a substantial risk of future medical treatment and whether that risk was directly related to his original compensable injury.

Plaintiff's sole argument on appeal is the Commission's finding of fact that the greater weight of the evidence "indicates that there is not [] a substantial risk that plaintiff will require future medical treatment as a result of his injury" is not supported by competent evidence, and, in turn, does not support the Commission's conclusion of law. Appellate review of the Commission's decisions is generally limited to whether "competent evidence supports the findings of fact and whether the findings support the Commission's legal conclusions." *Parsons v. Pantry, Inc.*, 126 N.C. App. 540, 541, 485 S.E.2d 867, 868 (1997). Where, however, the Commission's findings are based on " 'an erroneous view of the law or a misapplication of law, they are not conclusive on appeal.' " *Id.* (quoting *Simon v. Triangle Materials, Inc.*, 106 N.C. App. 39, 41, 415 S.E.2d 105, 106 (1992)).

"Subsequent to the establishment of a compensable injury under the North Carolina Workers' Compensation Act, an employee may seek compensation under N.C. Gen. Stat. § 97-25 for additional medical treatment when such treatment 'lessens the period of disability, effects a cure or gives relief.' " *Reinninger v. Prestige Fabricators, Inc.*, 136 N.C. App. 255, 259, 523 S.E.2d 720, 723 (1999) (quoting

*Parsons*, 126 N.C. App. at 541-42, 485 S.E.2d at 869). In deciding whether to enter an award allowing a plaintiff's claim to remain open for future medical treatment, the Commission must determine whether there is a substantial risk of the necessity of future medical compensation. *See* N.C.G.S. § 97-25.1 (2001). "If additional medical treatment is required, there arises a rebuttable presumption that the treatment is directly related to the original compensable injury and the employer has the burden of producing evidence showing the treatment is not directly related to the compensable injury." *Reinninger*, 136 N.C. App. at 259, 523 S.E.2d at 723; *see Pomeroy v. Tanner Masonry*, 151 N.C. App. 171, 184, 565 S.E.2d 209, 217-18 (2002); *Parsons*, 126 N.C. App. at 542-43, 485 S.E.2d at 869. Therefore, construing section 97-25.1 together with *Reinninger* and *Parsons*, once it is determined that the plaintiff has shown there is a substantial risk of the necessity of future medical treatment, "there arises a rebuttable presumption that the treatment is directly related to the original compensable injury and the employer has the burden of producing evidence showing the treatment is not directly related to the compensable injury." *Reinninger*, 136 N.C. App. at 259, 253 S.E.2d at 723. This presumption, sometimes called the *Parsons* presumption, helps to ensure that an employee is not required to reprove causation each time he seeks treatment for an injury already determined to be compensable. *See Parsons*, 126 N.C. App. at 542, 485 S.E.2d at 869.

In ruling on a Form 18M seeking to keep open the possibility of future medical compensation under section 97-25.1, the Commission must therefore make a two-part inquiry: (1) whether the plaintiff can show he is at "substantial risk" of needing future medical treatment and (2) whether the defendants can prove any anticipated future medical treatment will not be reasonably related to the original compensable injury. The shifting burdens of proof make it essential for the Commission to delineate that it is giving the plaintiff the benefit of the rebuttable presumption on the issue of whether the treatment is directly related to the original injury. *See Reinninger*, 136 N.C. App. at 260, 253 S.E.2d at 724 (case remanded where Commission's findings indicated a failure to give plaintiff the benefit of the presumption that medical treatment now sought was causally related to the compensable injury and better practice was for Commission to clearly delineate the presumption in its findings).

In this case, the findings of fact do not delineate between the two separate inquiries, and the Commission appears to have placed

the burden of proof for both inquiries on plaintiff.[3] The Commission found "the greater weight of the evidence . . . indicates that there is not a substantial risk that plaintiff will require future medical treatment as a result of his injury" and "the greater weight of the evidence indicates that the likelihood of the risk of future medical treatment falls short of the standard that the risk be substantial and related to the injury itself and not additional difficulties arising from age or activities."[4] The Commission then concluded "[p]laintiff failed to prove . . . that there is a substantial risk for the necessity of future medical treatment as a result of his compensable injury by accident."

As the Commission combined the inquiries, we are unable to discern whether the Commission based its conclusion of law on a finding that: (1) there was no substantial risk of plaintiff needing future medical treatment or (2) any future treatment was the result of plaintiff's age and job duties and could not be related to the original injury.[5] As a result, the Commission's conclusion appears to improperly place the burden of proof on plaintiff to show that future medical treatment is related to the original injury. *See id.* As noted in *Reinninger*, "[t]he better practice in these section 97-25 hearings is for the Commission to clearly delineate in its opinion and award that it is giving [p]laintiff the benefit of the *Parsons* presumption." *Id.* Therefore, we vacate the opinion and award of the Commission and remand this case for rehearing and findings of fact as to whether: (1) there is a substantial risk of the necessity of future medical treatment and, if necessary, (2) defendants can overcome the presumption that any such future medical treatment is related to the original compensable injury.

---

3. The dissent concedes "some of the language used by the Commission in its findings and conclusions may have blurred the lines between the two stages of inquiry." The dissent also excludes from its excerpt of the Commission's finding those portions in which the Commission combines the separate inquiries without acknowledging the requisite shifting in the burden of proof.

4. The Commission's finding that Dr. Lassiter did not have an accurate understanding of plaintiff's job is immaterial as Dr. Lassiter maintained plaintiff was at substantial risk of needing future medical treatment even after being confronted with the facts from Tucker's description of the job, opining only that if plaintiff was sedentary that it would reduce his risk of needing treatment.

5. The evidence before the Commission does not clarify the findings as there is evidence on both the issues of whether plaintiff was at substantial risk of needing future medical treatment and whether that risk was directly related to the original injury.

Vacated and remanded.

Judge ELMORE concurs.

Judge HUNTER dissents.

HUNTER, Judge, dissenting.

I respectfully dissent from the majority opinion which vacated and remanded the Commission's opinion and award based on the majority's conclusion that the Commission may have improperly placed the burden of proof on plaintiff to prove that future medical treatment was related to the original injury.

In deciding whether to order a defendant to pay for future necessary medical compensation, the Commission must first determine whether there is a substantial risk of the necessity of future medical compensation. N.C. Gen. Stat. § 97-25.1 (2001). If the Commission concludes that the plaintiff has shown such substantial risk of the necessity of future medical compensation, then a rebuttable presumption arises "that the treatment is directly related to the original compensable injury and the employer has the burden of producing evidence showing the treatment is not directly related to the compensable injury." *Reinninger v. Prestige Fabricators, Inc.*, 136 N.C. App. 255, 259, 523 S.E.2d 720, 723 (1999) (citing *Pittman v. Thomas & Howard*, 122 N.C. App. 124, 130, 468 S.E.2d 283, 286 (1996)). It is acknowledged that it is the better practice for the Commission to specifically delineate between these two stages of the inquiry in its findings and conclusions, clearly showing that it has given the plaintiff the benefit of the presumption in the second stage. *See Reinninger*, 136 N.C. App. at 260, 523 S.E.2d at 724. However, if the Commission concludes that the plaintiff has failed to satisfy his initial burden of proving that there is a substantial risk of future medical treatment, then it is unnecessary for the Commission to even reach the second stage of the inquiry. In this case, while some of the language used by the Commission in its findings and conclusions may have blurred the lines between the two stages of the inquiry, it is clear that the Commission found that plaintiff failed to meet his initial burden, thus negating the need to even address the second stage providing plaintiff with the benefit of the presumption. This is evident by the following language included in the Commission's finding of fact number ten:

[T]he greater weight of the evidence, including Dr. Lassiter's deposition testimony, indicates that there is not at [sic] a substantial risk that plaintiff will require future medical treatment . . . . Furthermore, the greater weight of the evidence indicates that the likelihood of the risk of future medical treatment falls short of the standard that the risk be substantial . . . .

I now turn to the determination of whether the Commission erred in concluding that plaintiff "failed to prove by the greater weight of the evidence that there is a substantial risk for the necessity of future medical treatment as a result of his compensable injury by accident." The Commission found the following:

The Form 18M filed by plaintiff includes Dr. Lassiter's statement that there is a substantial risk that plaintiff will require additional medical care resulting from his compensable injury. However, the greater weight of the evidence, including Dr. Lassiter's deposition testimony, indicates that there is not at [sic] a substantial risk that plaintiff will require future medical treatment as a result of his injury. Although Dr. Lassiter testified that plaintiff's age and job duties could cause plaintiff to have additional shoulder problems requiring additional treatment, Dr. Lassiter did not have an accurate understanding of plaintiff's job duties. Furthermore, the greater weight of the evidence indicates that the likelihood of the risk of future medical treatment falls short of the standard that the risk be substantial and related to the injury itself and not additional difficulties arising from age or activities. These difficulties are properly handled through claims for a change of condition or a new condition.

The proper standard of review for this finding of fact and the resulting conclusion of law is whether (1) there is some competent evidence that supports the finding of fact; and (2) whether the finding of fact supports the resulting conclusion of law. *Parsons v. Pantry, Inc.*, 126 N.C. App. 540, 541, 485 S.E.2d 867, 868 (1997). Furthermore, if there is competent evidence that supports the Commission's findings, the existence of contrary evidence does not render those findings inconclusive. *Jones v. Candler Mobile Village*, 118 N.C. App. 719, 721, 457 S.E.2d 315, 317 (1995).

In the case at bar, the Commission acknowledged Dr. Lassiter's initial opinion that there was a substantial risk that plaintiff will require additional medical care resulting from his compensable injury. However, the Commission further found that this opinion was

based on an erroneous view of plaintiff's job duties. After plaintiff's actual job requirements were made clear to Dr. Lassiter (i.e., being made aware that the knife used to cut the tires is heated thus greatly reducing the force required to cut them; and that plaintiff only had to lift tires from waist level, not from ground level), the doctor opined that he "would have to fall back and say [plaintiff] has a *moderate* risk of having to have more treatment and problems with that shoulder, despite the restrictions." (Emphasis added.)

Therefore, I believe there is competent evidence in the record to support the Commission's finding that plaintiff failed to meet his initial burden of proving that there was a substantial risk of future medical treatment. I acknowledge that there is also competent evidence in the record to support a finding to the contrary. However, this Court is bound to give deference to the findings of the Commission, as "the Commission, and not [the appellate] Court, is 'the sole judge of the credibility of witnesses' and the weight given to their testimony." *Pittman v. Thomas & Howard*, 122 N.C. App. at 129, 468 S.E.2d at 286 (quoting *Russell v. Lowes Product Distribution*, 108 N.C. App. 762, 765, 425 S.E.2d 454, 457 (1993)). In addition to concluding that the Commission's finding is supported by competent evidence, we further conclude that this finding supports the Commission's conclusion that "[p]laintiff has failed to prove by the greater weight of the evidence that there is a substantial risk for the necessity of future medical treatment as a result of his compensable injury by accident."

Based on the foregoing analysis, I would affirm the Commission's opinion and award.