***********
Based upon all the competent evidence deduced from the record, the Full Commission makes the following additional:
 FINDINGS OF FACT
1. The greater weight of the evidence shows that Plaintiff is not at a substantial risk of requiring future medical treatment. The only physician to recommend future treatment was Dr. Speer, who was previously found to not be a credible witness. The treatment which Dr. Speer recommended, total shoulder replacement, was recommended as an option rather than a necessary treatment measure.
2. The greater weight of the evidence shows that Plaintiff's alleged need for future medical treatment is not related to his compensable injury. The Full Commission previously found the testimony of Drs. Gilbert, Rowan, Van Tran and Collins to be more credible than that of Dr. Speer. These doctors found that Plaintiff's current condition is unrelated to his compensable injury. Therefore, it logically follows that any need for treatment plaintiff's current condition is unrelated as well.
 ***********
Based on the aforementioned Findings of Fact, the Full Commission makes the following additional:
 CONCLUSIONS OF LAW
1. In deciding whether to order a defendant to pay for future necessary medical compensation, the Commission must first determine whether there is a substantial risk of the necessity of future medical compensation, pursuant to N.C. Gen Stat. § 97-25.1 (2001). Taylor v.Bridgestone/Firestone, 2003 WL 22519419 (NC). Plaintiff fails to meet his burden in proving he is at a substantial risk of requiring future medical treatment.
2. If a plaintiff satisfies this inquiry, then a rebuttable presumption arises and the burden shifts to the defendants to prove that the plaintiff's current condition is unrelated to his compensable injury. However, if the Commission concludes that the plaintiff fails to satisfy his initial burden of proving that there is a substantial risk of future medical treatment, then it is unnecessary for the Commission to reach the second stage of the inquiry. Taylor v. Bridgestone/Firestone,157 N.C. App. 453, 579 S.E.2d 413 (2003) (See Judge Hunter's dissent adopted by the N.C. Supreme Court in Taylor v. Bridgestone/Firestone, 2003 WL 22519419 (NC)). Plaintiff fails to meet his initial burden, therefore the burden does not shift to Defendants to prove that Plaintiff's current condition is unrelated to his compensable injury. Nonetheless, even if the burden of proof does shift to Defendants they have satisfied this burden. Plaintiff's claim for further medical treatment of his shoulder was not supported by the greater weight of the medical evidence. Dr. Gilbert, Van Tram, Collins and Ravan did not recommend further treatment. Dr. Speer, whose testimony was given less weight than the other physicians, was the only doctor to say a shoulder replacement was an option and even he did not say it was a "needed and necessary treatment", just something the plaintiff could consider. Dr. Speer's testimony was given less weight because he had not reviewed prior medical records and did not have knowledge of plaintiff's successful second surgery, his successful return to work, his multiple motor vehicle accidents or his history of exaggerating his pain symptoms. Thus, plaintiff's current condition and need for future treatment are unrelated to his compensable injury.
3. For the foregoing reasons, Plaintiff is not entitled to any additional benefits.
 ***********
Based on the aforementioned Findings of Fact and Conclusions of Law, the Full Industrial Commission makes the following additional:
 AWARD
1. Plaintiff's claim for future medical treatment under the Workers' Compensation Act is, and under the law must be DENIED.
This the 4th day of March 2004.
 S/_______________ DIANNE C. SELLERS COMMISSIONER
CONCURRING:
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER