EFFIE PARSONS, Plaintiff-employee v. THE PANTRY, INC., Defendant-employer,
SELF-INSURED (ALEXSIS, INC., SERVICING AGENT), Defendant-carrier

No. COA96-853

(Filed 17 June 1997)

**Workers' Compensation § 378 (NCI4th)— compensable
injury—additional medical compensation—burden of prov-
ing causation**

Where the Industrial Commission had found that plaintiff
employee suffered a compensable injury and awarded her med-
ical expenses and future medical treatment, the Commission
erred by placing on plaintiff the burden of proving that plaintiff's
current medical problems (headaches) and her compensable
injury are causally related for purposes of awarding additional
medical compensation. Rather, the employer has the burden of
proving that the original finding of compensable injury is unre-
lated to plaintiff's present headaches.

**Am Jur 2d, Workers' Compensation §§ 560-580.**

Appeal by plaintiff from opinion and award entered 11 April 1996
by the North Carolina Industrial Commission. Heard in the Court of
Appeals 31 March 1997.

*Law Offices of Kathleen G. Sumner, by Kathleen G. Sumner, for
plaintiff-appellant.*

*Ward and Smith, P.A., by Catherine Ricks Piwowarski and
S. McKinley Gray, III, for defendant-appellee.*

LEWIS, Judge.

Plaintiff appeals from opinion and award by the full Commission
denying her further medical expenses as a result of her compensable
injury. We reverse and remand.

On 30 April 1991, plaintiff was an assistant manager at one of
defendant-employer's stores. Late that night, two men entered the
store. One of them struck plaintiff in the forehead and shot her four
times with a stun gun. By opinion and award filed 9 December 1993,
the Industrial Commission concluded that plaintiff suffered com-
pensable injuries as a result of the 30 April 1991 occurrence. The
Commission ordered defendants to pay plaintiff's medical expenses
but ruled that plaintiff was not entitled to any temporary total dis-

ability compensation. The Industrial Commission further ordered defendants to pay for "such future medical treatment which tends to effect a cure, give relief, or lessen the plaintiff's period of disability." Neither side appealed from this order.

On 11 August 1994, plaintiff requested a hearing, citing defendants' failure to pay medical expenses. The deputy commissioner concluded that plaintiff was not entitled to further medical treatment as a result of her compensable injury absent a change of condition, but ordered defendants to pay her medical bills to the date of the filing of that opinion and award. The decision denying further treatment was based on the conclusion that "there is no competent medical evidence relating her current complaints to her compensable injury or suggesting that there is any need for further medical treatment." The full Commission affirmed the deputy's decision.

Our review of Industrial Commission decisions is limited to consideration of whether competent evidence supports the findings of fact and whether the findings support the Commission's legal conclusions. *Simon v. Triangle Materials, Inc.*, 106 N.C. App. 39, 41, 415 S.E.2d 105, 106, *disc. review denied*, 332 N.C. 347, 421 S.E.2d 154 (1992). "However, if the findings are predicated on an erroneous view of the law or a misapplication of the law, they are not conclusive on appeal." *Id.*

On appeal, plaintiff argues that the full Commission erred in concluding that she was not entitled to further medical treatment. The parties disagree over one crucial factor: who has the burden to prove whether plaintiff's current medical problems and the compensable injury are causally related for purposes of awarding additional medical compensation. The Industrial Commission placed the burden on plaintiff, finding that "Plaintiff has not introduced any evidence of causation between her injury and her headache complaints at the time of the hearing" and "Plaintiff has failed to meet her burden of proof for showing the necessity of continued or additional medical treatment." Plaintiff maintains that this was error because it is defendants' duty to prove that her current pain is not the result of her compensable accident. Defendants argue that the Commission properly imposed the burden upon plaintiff to prove a causal link between her current problems and the compensable injury. Neither side provides precedent in this case of first impression in North Carolina.

N.C. Gen. Stat. section 97-25 requires employers to pay future medical compensation when the treatment lessens the period of dis-

ability, effects a cure or gives relief. *Little v. Penn Ventilator Co.*, 317 N.C. 206, 210, 345 S.E.2d 204, 207 (1986). "Logically implicit" in this statute is the requirement that the future medical treatment be "directly related to the original compensable injury." *Pittman v. Thomas & Howard*, 122 N.C. App. 124, 130, 468 S.E.2d 283, 286, *disc. review denied*, 343 N.C. 513, 472 S.E.2d 18 (1996). In determining which side should bear the burden of proof on this issue, we are mindful that "the Workers' Compensation Act was never intended to be a general accident and health insurance policy." *Weaver v. Swedish Imports Maintenance, Inc.*, 319 N.C. 243, 253, 354 S.E.2d 477, 483 (1987). However, we also note that the Act is to be construed liberally and in favor of the injured employee, *Dayal v. Provident Life and Accident Ins. Co.*, 71 N.C. App. 131, 132, 321 S.E.2d 452, 453 (1984), and that the General Assembly's intent behind the Act was to " 'compel industry to take care of its own wreckage.' " *Hyler v. GTE Products Co.*, 333 N.C. 258, 268, 425 S.E.2d 698, 704 (1993) (quoting *Barber v. Minges*, 223 N.C. 213, 25 S.E.2d 837 (1943)).

Guided by these considerations, we hold that the Commission committed legal error by placing the burden on plaintiff to prove causation. At the initial hearing, plaintiff's main injury complaint was headaches. At that time, it was her burden to prove the causal relationship between her 30 April 1991 accident and her headaches. *See Snead v. Mills, Inc.*, 8 N.C. App. 447, 451, 174 S.E.2d 699, 702 (1970) ("A person claiming the benefit of compensation has the burden of showing that the injury complained of resulted from the accident."). Plaintiff met this burden, as evidenced by the Commission's initial opinion and award, from which there was no appeal, granting her medical expenses and future medical treatment. In effect, requiring that plaintiff once again prove a causal relationship between the accident and her headaches in order to get further medical treatment ignores this prior award. Plaintiff met her causation burden; the Industrial Commission ruled that her headaches were causally related to the compensable accident. Logically, defendants now have the responsibility to prove the original finding of compensable injury is unrelated to her present discomfort. To require plaintiff to re-prove causation each time she seeks treatment for the very injury that the Commission has previously determined to be the result of a compensable accident is unjust and violates our duty to interpret the Act in favor of injured employees.

We hold that the Industrial Commission erred in this matter by placing the burden of causation on plaintiff instead of defendants. We

remand for findings and conclusions using the proper standard. In doing so, to prevent future error, we also point out the Commission's additional error in requiring a change of condition before an award of future medical expenses under N.C. Gen. Stat. section 97-25. *See Pittman*, 122 N.C. App. at 130, 468 S.E.2d at 287 ("Unlike a claim for further compensation under G.S. § 97-47, however, G.S. § 97-25 imposes no 'change in condition' requirement.").

We need not address plaintiff's remaining assignments of error.

Reversed and remanded.

Chief Judge ARNOLD and Judge JOHN concur.