Upon review of all of the competent evidence of record with reference to the errors assigned, the Full Commission finds good grounds to receive further evidence.
The plaintiff sustained an admittedly compensable injury to her neck, back and shoulder on February 28, 1991. Defendants accepted liability on a Form 21 agreement approved by the Industrial Commission on March 1, 1995 and subsequently paid permanent partial disability compensation for a ten percent (10%) rating to plaintiff's back pursuant to a Form 26 supplemental agreement approved on July 20, 1995. Plaintiff is seeking additional medical care and treatment. There also appears to be issues concerning past medical bills.
The deputy commissioner concluded that plaintiff had failed to carry the burden of proof to establish that she requires further medical treatment or that she sustained a change of condition. In light of the holding of the North Carolina Court of Appeals in Parsons v. The Pantry, Inc., ___ N.C. App. ___ (6-17-1997), 485 S.E.2d 867 (1997), a case decided after the filing of the deputy commissioner's Opinion and Award, the deputy commissioner appears to have incorrectly placed the burden on the plaintiff to prove again that the medical treatment she seeks for her shoulder is causally related to her compensable injury.Parsons v. The Pantry, Inc., ___ N.C. App. ___ (6-17-1997),485 S.E.2d 867 (1997).
Therefore, it is ORDERED that this case shall be REMANDED to a deputy commissioner for a new hearing de novo on all controverted issues.
This the ___ day of December, 1997.
 S/ __________________ BERNADINE S. BALLANCE COMMISSIONER
CONCURRING:
S/ ______________ DIANNE C. SELLERS COMMISSIONER
S/ ______________ DOUGLAS E. BERGER DEPUTY COMMISSIONER
BSB/jth