I concur with the majority opinion awarding lifetime benefits to plaintiff for medical expenses incurred as a result of the compensable injury by accident, pursuant to N.C. Gen. Stat. §97-25.1. Such an award puts this plaintiff in the same posture as a plaintiff whose injury occurred prior to July 5, 1994, and who is entitled to lifetime medical benefits pursuant to Hyler v.GTE Products Co., 333 N.C. 258, 425 S.E.2d 698 (1993). This award does not preclude defendants at some point in the future from contesting whether specific medical treatment is causally related to the compensable injury by accident, just as can be done in a Hyler case. Parsons v. Pantry Inc.,126 N.C. App. 540, 485 S.E.2d 867 (1997).
However, I respectfully disagree with the majority's award of attorney fees in that I do not believe that the defense of this action was based upon stubborn, unfounded litigiousness. N.C. Gen. Stat. § 97-88.1; Sparks v. Mountain BreezeRestaurant, 55 N.C. App. 663, 286 S.E.2d 575 (1982). Defendants continued to pay for medical treatment of plaintiff, with the exception of an MRI, which had not been authorized by the carrier at the time plaintiff filed the Form 18M. The MRI was subsequently approved and has now been paid by the carrier. Defendants argued that the compensable injury by accident was a temporary aggravation of plaintiff's preexisting degenerative disc disease and that they were entitled to take the deposition of Dr. Geissele on the issue of whether Dr. Geissele believed future medical treatment was necessary as a result of the compensable injury by accident or due the degenerative disc disease. Therefore, I believe that defendants had reasonable grounds to contest the award of lifetime medical expenses.
I concur with the majority in all other respects.
 S/_____________ LAURA KRANIFELD MAVRETIC COMMISSIONER