The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Dollar and the briefs and oral arguments before the Full Commission. The appealing party has not shown good ground to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the Opinion and Award, except with the modification of the award of plaintiffs attorneys fees and rulings on pending motions.
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties in the I.C. Form 21, Agreement for Compensation approved by the Commission on September 19, 1993 and which is incorporated herein by reference, and at the hearing before the Deputy Commissioner as:
 STIPULATIONS
1. The Industrial Commission has jurisdiction over the subject matter of this case, the parties are properly before the Commission, and the parties were subject to and bound by the provisions of the North Carolina Workers Compensation Act at all relevant times.
2. Defendant was a duly qualified self-insured, with Alexsis, Inc., as the servicing agent at the time of the compensable injury. The present servicing agent is RSKCo.
3. The employee-employer relationship existed between the parties at all relevant times.
4. Plaintiff sustained an admittedly compensable injury on April 30, 1993, and as a result the parties entered into the September 19, 1993 Form 21 Agreement. Plaintiff received benefits pursuant to the Form 21 from the date of the injury through March 14, 1995 and from October 31, 1995 and continuing.
5. Plaintiffs average weekly wage was $687.61, which yields the maximum compensation rate of $442.00 per week.
6. Defendant filed a Form 24 Application to Terminate Benefits that was approved by the Commission on March 14, 1995.
7. The issues for determination before Deputy Commissioner Dollar were whether defendant should be sanctioned for non-payment and late payment of temporary total disability and medical compensation, and other costs ordered by the Commission. Defendant appealed to the Full Commission only from the award of attorneys fees as sanctions. Other issues before the Full Commission are whether defendant should be ordered to pay for the prescription medication Viagra and whether plaintiff should be ordered to submit to an independent medical evaluation by an urologist.
8. The Opinion and Award filed in this case on June 27, 1996 by Deputy Commissioner William C. Bost and the Opinion and Award filed by Deputy Commissioner Dollar on October 6, 1998 are part of the evidentiary record.
***********
The Full Commission adopts the following findings of fact:
 FINDINGS OF FACT
1. The servicing agents in this case have a history of making late payments or of non-payment of plaintiffs benefits and medical bills. At the 1997 hearing before Deputy Commissioner Dollar, the prior adjuster contended problems were due to personnel changes with the servicing agent. Problems in late 1996 and early 1997 were attributed to the fact that Alexsis moved its corporate offices from Winston-Salem to Huntersville. All of these circumstances were within the control of the servicing agent.
2. At the 1999 hearing before Deputy Commissioner Dollar, defendant advised that Alexsis and Servco had merged and the offices had again relocated. A new computer system in Michigan managed the processing of benefit checks. Diana Bolz, the senior claims adjuster with the merged adjusting agency, RSKCo, testified that plaintiffs file was closed after the City of Wilmington was terminated as one of its clients. The servicing agent was not aware of this until another claimant complained about not receiving benefits checks. Ms. Bolz worked to rectify the problem, and, on June 1, 1999 the correct information was put in the computer and the checks were mailed from Michigan. All of these complications were within the supervision and control of the servicing agency.
3. In the prior Opinion and Award by Deputy Commissioner Dollar filed on October 6, 1998, defendant was ordered to take all steps necessary to ensure that plaintiffs benefits were timely paid. The failure to pay plaintiffs benefits in a timely manner had previously been litigated and defendant was already under an order of the Commission to make timely payment of all benefits to plaintiff.
4. Defendant issued late payment of temporary total disability benefits to plaintiff for the period from May 4, 1999 through May 23, 1999 with a check dated June 1, 1999. Defendant timely paid plaintiff for the benefits for the week of May 24, 1999 through May 29, 1999 with a check dated June 1, 1999. Plaintiff received these checks on June 4, 1999.
5. Defendant failed to pay timely the expert witness fee to Dr. Craig Derian as ordered in Deputy Commissioner Dollars 1998 Opinion and Award.
6. As of June 14, 1999, defendant failed to renew plaintiffs YMCA membership. Plaintiff participated in hydrotherapy at this YMCA. Following the hearing before Deputy Commissioner Dollar, the servicing agent paid this membership.
7. Defendant failed to pay for plaintiffs pain control treatment with Dr. Buongiorno for sessions after March 1999, in the amount of $210.00.
8. On June 3, 1999, plaintiff filed with the Commission a motion to compel payment of ongoing compensation. Deputy Commissioner Dollar issued an order on June 7, 1999, ordering defendant to pay benefits owed from May 3, 1999 to June 7, 1999, a ten percent penalty for late payment, and $700.00 in attorneys fees to plaintiffs counsel. Deputy Commissioner Dollar also issued an order to show cause, which resulted in the June 14, 1999 hearing and the January 6, 2000 Opinion and Award by Deputy Commissioner Dollar. The Opinion and Award ordered defendant to pay all benefits and a ten percent late penalty, as well as an attorneys fee for plaintiffs counsel in the amount of $1,475.00.
9. Upon request for clarification filed by plaintiffs attorney, Deputy Commissioner Dollar issued the Amended Opinion and Award on February 9, 2000, which is the subject of this appeal before the Full Commission. In the Amended Opinion and Award, Deputy Commissioner Dollar ordered defendant to pay directly to plaintiffs attorney an amount equal to every fourth check of plaintiffs compensation as a continuing sanction for the gross failure to manage properly plaintiffs claim file and the repeated failure to pay ordered benefits and medical compensation in a timely manner.
10. The Opinion and Award filed by Deputy Commissioner Dollar on January 6, 2000 was not appealed by defendant. On February 11, 2000, at the expiration of time for payment of compensation under the January 6, 2000 Opinion and Award, plaintiff filed a motion to compel payment. Plaintiff also filed a motion requesting an order from the Commission for the provision of medical care. Despite plaintiffs repeated requests that defendant approve the prescription for Viagra which was ordered by plaintiffs treating physician, Dr. Buongiorno, defendant refused to pay for this medication. Because the case was on appeal to the Full Commission, Deputy Commissioner Dollar did not rule on these motions, and they are currently pending before the Full Commission.
11. Following oral argument before the Full Commission on July 11, 2000, defendant requested that the Commission order plaintiff to undergo an independent medical evaluation by an urologist to determine whether or not the Viagra prescription is causally related to the compensable injury by accident. Plaintiff filed a response to this motion on August 23, 2000.
12. The evidence of record shows that plaintiffs authorized treating physician, Dr. Buongiorno, stated that plaintiff has experienced sexual dysfunction as a side effect of the medications required for treatment of plaintiffs chronic pain and depression. This side effect has been remedied by the use of Viagra. Therefore, the Commission finds that the Viagra prescription is medically necessary for a condition that is causally related to the compensable injury by accident.
13. Defendant servicing agent has repeatedly failed to comply with Commission orders and has not made timely payment of benefits and medical compensation to plaintiff.
***********
Based on the findings of fact and conclusions of law, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. Plaintiff is entitled to continuing temporary total disability benefits at the rate of $442.00 per week until further Order of the Commission. N.C. Gen. Stat. 97-29.
2. As a result of the compensable injury, plaintiff is entitled to a ten percent penalty on all late payments of temporary total disability benefits. N.C. Gen. Stat. 97-18(g).
3. Plaintiff is entitled to have defendant pay for medical expenses incurred or to be incurred as a result of the compensable injury as may be required to provide relief, effect a cure, or lessen the period of disability. N.C. Gen. Stat. 97-2(19); 97-25; Hyler v. GTE Products Co.,333 N.C. 258, 425 S.E.2d 698 (1993). The medical expenses are to be paid in a timely manner as required by the Act. N.C. Gen. Stat. 97-18(g).
4. Given that defendant has been repeatedly ordered by the Commission to pay plaintiffs medical expenses for the compensable injury and that the Viagra prescription was ordered and deemed causally related to the compensable injury by plaintiffs authorized treating physician, the approved medical expenses to which plaintiff is entitled include payment for the prescription medication Viagra. Furthermore, should defendant wish to challenge this determination, the burden would rest on defendant to prove, through a fact-finder, that this medical treatment is unrelated to the compensable injury and should not be borne by defendant. N.C. Gen. Stat. 97-2(19); 97-25; Parsons v. Pantry, Inc. 126 N.C. App. 540,485 S.E.2d 867 (1997).
5. Plaintiff is entitled to have defendant pay his reasonable attorneys fees for bringing this claim and for filing various motions as a result of defendants non-payment of compensation and as a sanction for the failure of the servicing agents to make timely payment of benefits to the plaintiff and to comply with orders of the Commission. Rule 802, Workers Compensation Rules of the North Carolina Industrial Commission.
***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 AWARD
1. Defendant shall pay plaintiff a ten percent penalty on the compensation benefits that were paid late to plaintiff from May 4, 1999 through May 23, 1999, for the late payments made in February 2000, and on any subsequent payments that are not made by defendant in a timely manner.
2. Defendant shall pay an attorneys fee of $10,000.00 to plaintiffs attorney for the filing of various motions in this matter, his efforts to secure payments, and his appearances at the hearings before Deputy Commissioner Dollar and the Full Commission. This attorneys fee is assessed as a sanction against defendant for its repeated failure to timely pay benefits and its failure to comply with prior orders of the Commission.
3. Defendant shall timely pay medical expenses incurred or to be incurred when bills for the same have been approved, in accordance with the provisions of the Act. The approved medical expenses include payment for the prescription medication Viagra.
4. Plaintiff shall submit to an independent medical evaluation, as requested by defendant, to obtain a second opinion on the causal connection between plaintiffs compensable injury by accident and the prescription for Viagra. A qualified urologist shall be selected to perform this evaluation by an Industrial Commission nurse, who will be assigned to manage this case and who will then schedule the necessary appointment with the urologist. Regardless of the determinations reached by this independent medical evaluation, the burden rests on defendant to prove, through a fact-finder, that this medical treatment, now found to be related to the compensable injury, is unrelated and that the cost should not be borne by defendant.
5. Defendant is ORDERED to pay the outstanding Viagra expenses and to continue to pay for the Viagra prescription until further Order of the Commission.
6. Defendant shall pay the costs.
This ___ day of October 2000.
 S/______________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
CONCURRING:
S/___________________ BERNADINE S. BALLANCE COMMISSIONER
S/_______________ DIANNE C. SELLERS COMMISSIONER