* * * * * * * * * * *
The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Gillen and the briefs and arguments of the parties. The appealing party has not shown good grounds to reconsider the evidence, receive further evidence, or rehear the parties or their representatives. The Full Commission adopts the Opinion and Award of Deputy Commissioner Gillen with minor modifications.
 * * * * * * * * * * *
The Full Commission finds as a fact and concludes as matters of law the following, which were entered into by parties as:
 STIPULATIONS
1. The parties are bound by and subject to the North Carolina Workers' Compensation Act. *Page 2 
2. At all times relevant to this case, an employment relationship existed between plaintiff and the defendant.
3. On the date of injury that is the subject of this claim, Chubb Services Corporation was the proper insurance carrier for the claim.
4. Plaintiff suffered a compensable injury by accident on September 23, 2002.
5. Defendants have paid, and plaintiff has received, compensation for temporary total disability in the amount of $453.34 per week for the period from October 1, 2002 to October 14, 2002.
6. The following were received into evidence as stipulated exhibits:
 a. The parties' Pre-Trial Agreement, marked as stipulated exhibit 1.
 b. Plaintiff's medical records, collectively paginated 1-119 and marked as stipulated exhibit 2.
 c. A collection of the Industrial Commission Forms filed in this matter, marked as stipulated exhibit 3.
7. Subsequent to the hearing, defendants stipulated that plaintiff is entitled to a weekly compensation rate of $654.00, the maximum weekly benefit for an injury occurring in 2002.
 * * * * * * * * * * *
Based upon all the competent evidence from the record, the Full Commission finds as follows:
 FINDING OF FACTS
1. On September 23, 2002 plaintiff was employed by defendant as an auto repair technician. On this date plaintiff suffered a compensable injury by accident while working for *Page 3 
defendant when the top of a radiator hose blew off and hot coolant sprayed onto plaintiff, causing second degree burns on his lower abdomen, genital area, thighs, buttocks, and arms. Defendants accepted the compensability of this accident with a Form 60 dated October 17, 2002.
2. As a result of these injuries, plaintiff was out of work from the date of injury until he returned to work on October 14, 2002. Plaintiff experienced problems with stability and trembling upon his return to work.
3. Plaintiff was subsequently treated by various physicians who ran several tests. Plaintiff's family physician, Dr. Robert Bowen, referred plaintiff to Dr. Allen Brantley. Dr. Bowen wrote plaintiff out of work as of October 30, 2002.
4. On November 21, 2002 Dr. Brantley diagnosed plaintiff with hyperthyroid condition, which is also known as Graves' Disease. Plaintiff missed work from November 4, 2002 through January 20, 2003. On January 21, 2003 plaintiff returned to work with defendant on a part-time basis. Plaintiff was unable to return to work until January 21, 2003 as a result of his Graves' Disease condition.
5. Plaintiff testified that he has not been able to return to full workdays due to his continued Graves' Disease symptoms.
6. Mr. Tim Hayes, plaintiff's coworker who observes plaintiff on a daily basis, testified that plaintiff has performed his normal job duties subsequent to his return to work and that his work product is the same as it was before September 23, 2002.
7. Mr. Hayes also testified that defendant's business is always very slow at the beginning of the year. Additionally, defendant has hired 4-6 additional technicians since moving to a new location in the Spring of 2005. Natural economic factors organic to the business environment have impacted the amount of work available for plaintiff. *Page 4 
8. As a result of plaintiff's Graves' Disease, plaintiff underwent radioactive iodine treatment, by which his thyroid gland was intentionally destroyed. Plaintiff takes Sythroid (a synthetic thyroid) daily and will have to take this medication on a daily basis indefinitely. Plaintiff's thyroid level was not stabilized to a normal level through these artificial means until September 6, 2005.
9. While Dr. Brantley testified that there is some "anecdotal" evidence of an association between a "stressor" (in this case the September 23, 2002 accident) and Graves' Disease, he also testified that "a causal relationship is not proven."
10. When asked specifically if the September 23, 2002 accident caused the development of plaintiff's Graves' Disease, Dr. Brantley indicated that the "temporal relationship" between the trauma and the Graves' Disease diagnosis is "highly suggestive" of a causal relationship. Dr. Brantley also testified that plaintiff could have developed Graves' Disease independent of trauma.
11. Dr. Brantley further testified that any current disability plaintiff claims to suffer, beginning September 6, 2005 and following, is unrelated to plaintiff's Graves' Disease.
12. Plaintiff suffered burn scarring on his lower abdomen and thighs as a result of the September 23, 2002 accident.
13. Plaintiff's scars are well healed, and plaintiff suffers no permanent physical impairment as a result of the scars.
14. There was no evidence presented that plaintiff's scars have resulted in a decrease in his wage-earning capacity or that such a decrease would be anticipated in the future.
 * * * * * * * * * * *
Based on the foregoing findings of fact, the Full Commission makes the following: *Page 5 
 CONCLUSIONS OF LAW
1. On September 23, 2002 plaintiff sustained a compensable injury by accident when he was sprayed by hot coolant. N.C. Gen. Stat. § 97-2.
2. As a result of the compensable September 23, 2002 injury by accident, plaintiff was paid temporary total disability compensation pursuant to a Form 60 from October 1, 2002 to October 14, 2002. N.C. Gen. Stat. § 97-29.
3. The Form 60 filed in this matter does not create a presumption of continuing disability. The burden of proving compensable disability remains with plaintiff. Sims v. Charmes/Arby's Roast Beef,142 N.C. App. 154, 542 S.E.2d 277 (2001).
4. Expert medical testimony that is speculation or conjecture is insufficient to support a causal connection between a plaintiff's condition and a workplace incident. In this case, plaintiff has produced insufficient evidence to prove that plaintiff's compensable September 23, 2002 injury caused, exacerbated, or aggravated his Graves' Disease.Holly v. ACTS, Inc., 357 N.C. 228, 581 S.E.2d 750 (2003); Young v.Hickory Bus. Furn., 353 N.C. 227, 230, 538 S.E.2d 912, 915 (2000);Hodgin v. Hodgin, 159 N.C. App. 635, 583 S.E.2d 362 (2003).
5. Given the expert medical evidence presented in this case, plaintiff has failed to meet his burden of proving compensable disability subsequent to November 21, 2002, when he was diagnosed with Graves' Disease. Sims v. Charmes/Arby's Roast Beef, 142 N.C. App. 154,542 S.E.2d 277 (2001).
6. Regarding the payment of medical expenses in this case, theParsons presumption applies given the filing of the Form 60. Perez v.American Airlines, 174 N.C. App. 128, 620 S.E.2d 288 (2005). However, through the presentation of evidence in this case, defendants have rebutted the presumption that plaintiff's treatment subsequent to November 21, 2002 is related to *Page 6 
the compensable injury and have established that plaintiff's medical treatment subsequent to November 21, 2002 is not related to plaintiff's compensable injury. Parsons v. Pantry, Inc., 126 N.C. App. 540,485 S.E.2d 867 (1997).
7. Plaintiff is entitled to temporary total disability benefits at a rate of $654.00 per week from September 24, 2002 through October 14, 2002, and from November 2, 2002 through November 21, 2002. Subsequent to November 21, 2002, plaintiff's disability has been attributed to Graves' Disease, which has not been causally related to the compensable injury. N.C. Gen. Stat. § 97-29; Sims v. Charmes/Arby's Roast Beef,142 N.C. App. 154, 542 S.E.2d 277 (2001); Hilliard v. Apex Cabinet Co.,305 N.C. 593, 290 S.E.2d 682 (1982).
8. Plaintiff is entitled to have defendants pay all medical expenses incurred as a result of the compensable injury through November 21, 2002. Subsequent to that date, plaintiff's treatment has progressed under a diagnosis of Graves' Disease, which has not been causally related to the compensable injury. N.C. Gen. Stat. § 97-25. Perez v.American Airlines, 174 N.C. App. 128, 620 S.E.2d 288 (2005); Parsons v.Pantry, Inc., 126 N.C. App. 540, 485 S.E.2d 867 (1997).
9. The burns plaintiff suffered during the compensable September 23, 2002 accident resulted in scars and discolorations on plaintiff's lower stomach and thighs. The Industrial Commission may award proper and equitable compensation for plaintiff's serious bodily disfigurement. N.C. Gen. Stat. § 97-31(22).
10. Due to the scars and discolorations caused by the compensable accident of September 23, 2002, plaintiff is entitled to $5,000.00 for the serious bodily disfigurement of plaintiff's lower stomach and thighs. N.C. Gen. Stat. § 97-31(22). *Page 7 
11. Because plaintiff's Graves Disease has not been causally related to his compensable injury, the loss of plaintiff's thyroid gland, which was destroyed in the treatment of Graves' Disease, is not compensable pursuant to N.C. Gen. Stat. § 97-31(24).
 * * * * * * * * * * *
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 AWARD
1. To the extent that they have not been paid, defendants shall pay plaintiff temporary total disability benefits at a rate of $654.00 per week from September 24, 2002 through October 14, 2002, and from November 2, 2002 through November 21, 2002. Those payments that may have accrued shall be paid in a lump sum, subject to the attorney's fee approved below.
2. For the serious bodily disfigurement to plaintiff's lower stomach and thighs, defendants shall pay plaintiff the sum of $5,000.00.
3. Defendants shall pay all medical expenses incurred as a result of plaintiff's compensable injury, but are not responsible for plaintiff's treatment for Graves' Disease.
4. A reasonable attorney fee of twenty-five percent of the compensation due plaintiff under paragraphs 1 and 2 of this Award is approved for plaintiff's counsel. Twenty-five percent of any lump sums due plaintiff shall be deducted and paid directly to plaintiff's counsel.
5. Defendants shall pay the costs.
 This the 20th day of April 2007. *Page 8 
 S/_________________ BUCK LATTIMORE CHAIRMAN
CONCURRING: S/_________________ LAURA K. MAVRETIC COMMISSIONER
 S/_________________ CHRISTOPHER SCOTT COMMISSIONER *Page 1