I respectfully disagree with the majority's conclusion that plaintiff's current left shoulder condition is causally related to the February 17, 2005 injury by accident.
Defendants accepted the aggravation to plaintiff's left shoulder condition resulting from the February 17, 2005 injury by accident on a Form 60. Plaintiff has a long history of left shoulder problems, including an open rotator cuff repair surgery in 1997 and degenerative problems. There is no dispute that the February 17, 2005 injury by accident aggravated plaintiff's pre-existing left shoulder condition. The dispute, rather, is whether plaintiff's current left shoulder problems were caused by the February 2005 accident or whether they are the result of plaintiff's pre-existing degenerative condition.
While Dr. Lauffenburger is a well-qualified orthopedic surgeon, he only examined plaintiff once, almost two years after plaintiff's injury by accident. Dr. Lauffenburger opined that the February 2005 accident aggravated or accelerated plaintiff's underlying shoulder disease. This is the same opinion expressed by Dr. Nelson and Dr. Flowers. However, Dr. Lauffenburger provides no opinion as to whether plaintiff's current condition was caused by the accident rather than the underlying condition. Dr. Lauffenburger also agreed that Drs. Nelson and Flowers, who treated plaintiff closer in time to the incident, would have a better understanding of plaintiff's condition and the progression of that condition.
On the other hand, Dr. Nelson, who has been practicing occupational medicine for 15 years, clearly expressed an opinion to a reasonable degree of medical certainty, that the February *Page 24 
2005 incident was a temporary exacerbation of plaintiff's pre-existing degenerative problems. The majority characterizes Dr. Nelson's opinions as contradictory, but a review of her deposition and medical records in their entirety shows that she has not provided contradictory opinions. Rather, Dr. Nelson is clear that plaintiff suffered a temporary exacerbation of his left shoulder degenerative condition and that she referred him for surgery to resolve the degenerative problems in plaintiff's shoulder, not due to any trauma caused by the February 2005 accident. Further, Dr. Flowers agreed with Dr. Nelson's assessment that plaintiff suffered a temporary exacerbation of his degenerative problems which resolved by November 2005.
As to the possible existence of a labral tear in plaintiff's left shoulder, there has been no evidence that the labral tear is related to the February 2005 incident. Dr. Lauffenburger testified that it was possible that plaintiff had a labral tear but did not provide an opinion that the possible tear was causally related to the February 2005 incident. The radiologist report from the 2006 MRI with contrast indicated the possibility of a labral tear. However, it is important to note that the physician who ordered the 2006 MRI, Dr. Perry, did not diagnose a labral tear after reviewing the MRI and examining plaintiff. Nor did Dr. Flowers, who treated plaintiff for six months, diagnose a labral tear.
The majority relies on the presumption of disability created underParsons v. Pantry, Inc., 126 N.C. App. 540, 485 S.E.2d 867 (1997) andPerez v. American Airlines, 174 N.C. App. 128, 620 S.E.2d 288 (2006), to conclude that defendants have failed to rebut the presumption that plaintiff's current disability is related to his compensable February 17, 2005 injury by accident. However, I believe the Parsons presumption has been rebutted in that the only two physicians to opine specifically as to whether plaintiff's current condition is causally related to the February 2005 found no causation. *Page 25 
For these reasons, I believe the opinion and award of Deputy Commissioner Ledford should be adopted.
S/_______________
DIANNE C. SELLERS
 COMMISSIONER *Page 1