***********
The Full Commission has reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Houser and the briefs and arguments before the Full Commission. The appealing party has not shown good grounds to reconsider the evidence, receive further evidence, rehear the parties or their representatives. The Full Commission AFFIRMS with some modifications the Opinion and Award of the Deputy Commissioner.
 ***********
The Full Commission finds as facts and concludes as matters of law the following, which were entered into by the parties at the hearing before the Deputy Commissioner as:
 STIPULATIONS *Page 2 
1. All parties are properly before the Industrial Commission, are subject to and bound by the provisions of the Workers' Compensation Act, the Commission has jurisdiction over the parties and of the subject matter, and an employer-employee relationship existed between defendant-employer and plaintiff-employee.
2. All parties have been correctly designated, and there are no questions as to misjoinder or non-joinder of the parties. It is stipulated and agreed that defendant-employer was self-insured with Key Risk as the third-party administrator.
3. This is an admitted liability case and an Industrial Commission Form 60 was filed for injury to plaintiff's right hip, right wrist and headaches pursuant to which plaintiff received total disability compensation from March 24, 2007 through April 16, 2007.
4. On all relevant dates, plaintiff's average weekly wage was $585.09, yielding a weekly compensation rate of $390.08.
5. Plaintiff has been paid for a 10% permanent partial disability rating to his right leg pursuant to an approved Industrial Commission Form 21 Agreement.
6. Plaintiff contends that he sustained a back injury as a result of the compensable motor vehicle accident on March 23, 2007. Plaintiff filed a claim with the Industrial Commission for his back/spine claim. Defendant filed an Industrial Commission Form 61 on December 10, 2007 specifically denying the compensability of the back/spine claim.
7. At and subsequent to the hearing before the Deputy Commissioner, the parties submitted the following:
 a. Pre-Trial Agreement marked as Stipulated Exhibit (1);
 b. A Packet of Medical Records, which was admitted into the record and marked as Stipulated Exhibit (2) and; *Page 3 
 c. A Packet of Industrial Commission Forms, which was admitted into the record and marked as Stipulated Exhibit (3).
8. Also admitted into the record are the depositions of Dr. Laurence E. Dahners and Dr. Stanley K. Gilbert.
 *********** ISSUES TO BE DETERMINED
Whether plaintiff sustained a back/spine injury as the result of his admittedly compensable injury by accident of March 23, 2007 and, if so, to what medical compensation, if any, is he entitled.
 ***********
Based upon the foregoing stipulations and evidence of record, the Full Commission enters the following:
 FINDINGS OF FACT
1. As of the date of the hearing before the Deputy Commissioner, plaintiff was 32 years old. Plaintiff is a high school graduate and has taken some college courses. Plaintiff also served in the United States Army and was honorably discharged.
2. Plaintiff began working for defendant-employer on November 13, 2006 as an animal control officer. In that capacity, plaintiff's duties included chasing loose or stray animals, enforcing vaccination and leash laws, and generally being on call.
3. On March 23, 2007, plaintiff was involved in a motor vehicle accident while responding to a call about an aggressive dog. Plaintiff lost control of his vehicle and struck a tree. Plaintiff has no memory of the motor vehicle accident. *Page 4 
4. Defendant admitted the compensability of plaintiff's injury by accident by filing a Form 60. Defendant paid temporary total disability compensation to plaintiff from March 24, 2007 through April 16, 2007, when plaintiff returned to light-duty work for another employer.
5. Immediately following the March 23, 2007 admittedly compensable injury by accident, plaintiff was transported to Cape Fear Valley Medical Center. Plaintiff experienced severe right hip pain and it was later determined that he had fractured his right hip. Plaintiff was treated by orthopedist Dr. Stanley Gilbert for a fracture/dislocation of his right hip. While in the hospital plaintiff was started on physical therapy and given a walker or crutches for ambulation. He was also placed into a brace for the hip dislocation. A few days following the accident, plaintiff began experiencing pain shooting into his groin. These pain symptoms improved following his medical treatment but never completely resolved. Plaintiff was discharged from the hospital on March 26, 2007.
6. Dr. Gilbert examined plaintiff in April 2007, at which time plaintiff reported experiencing groin pain, hip pain, and pain upon walking and sitting. There is no reference that plaintiff complained of any back pain in the records from this examination.
7. On August 8, 2007, Dr. Gilbert opined that plaintiff had reached maximum medical improvement of his right hip fracture and released plaintiff to return to full duty work. Dr. Gilbert assigned a 10% rating to plaintiff's right leg for which defendant has compensated plaintiff. As of August 8, 2007, plaintiff continued to experience pain in his right hip and groin area. In reporting his status at that time to Dr. Gilbert, plaintiff testified and also later told Dr. Gilbert that he minimized the level of pain he was experiencing so that Dr. Gilbert would release him to full duty. *Page 5 
8. Subsequent to August 8, 2007, plaintiff's right hip pain began to increase. In August 2007 plaintiff first began to experience low back pain, as well as right hip pain, when he was walking up a hill. On September 10, 2007, plaintiff returned to Dr. Gilbert and reported that he experienced fairly severe pain in the hip radiating into the groin when he leaned over to pick up his child. A CT scan of plaintiff's right hip revealed loose bodies or fragments in the joint. Plaintiff also reported experiencing pain and numbness in his right hand. Dr. Gilbert then referred plaintiff to orthopedist Dr. Laurence Dahners, who is a hip arthroscopy specialist.
9. On November 6, 2007, Dr. Dahners began plaintiff on a course of treatment that included a fluoroscopic injection. However, after the injection, plaintiff reported no relief from his pain, which led Dr. Dahners to believe that plaintiff's pain in his right hip was largely coming from a suspected injury to his lower back. Dr. Dahners referred plaintiff back to Dr. Gilbert for treatment of his back condition.
10. On October 13, 2008, plaintiff returned to Dr. Gilbert, who reviewed a lumbar MRI obtained previously on July 8, 2008 at the VA Hospital. This MRI revealed that plaintiff had degenerative disc disease at the L4-L5 levels. Although Dr. Gilbert conceded that the type of radiating pain plaintiff experienced in his right hip and groin is typically the result of degenerative disc conditions at higher levels, Dr. Gilbert stated his opinion that the MRI results were consistent with pain radiating into the hip and groin.
11. Dr. Gilbert explained at his deposition that it takes a tremendous amount of force to fracture and dislocate the hip socket, particularly in a young individual like plaintiff. Soft tissues take a long time to heal and so for at least a year or so after plaintiff's injury, Dr. Gilbert believed that it was reasonable to assume that plaintiff's hip pain came from the injury itself. When plaintiff continued to have hip pain after the end of the healing process, Dr. Gilbert began *Page 6 
looking for other causes. Dr. Gilbert acknowledged that the incident when plaintiff picked up his child also could have caused plaintiff's back pain. However, Dr. Gilbert opined and the Full Commission finds that it is more likely than not that plaintiff's admittedly compensable March 23, 2007 injury by accident materially aggravated his pre-existing lumbar degenerative disc disease.
12. Plaintiff experienced pain in his right hip and right side from the date of the motor vehicle accident. Plaintiff testified at the hearing before the Deputy Commissioner that he continues to experience a popping sensation in his hip joint and walks with an altered gait in that he has to turn his right foot out away from his body as he steps forward. Plaintiff further testified that as a result of his injuries, he has low back pain into his right side.
13. The greater weight of the medical evidence and plaintiff's credible testimony as to his continuing right hip, right side and low back pain, shows that as the result of his March 23, 2007 admittedly compensable injury by accident, plaintiff's pre-existing lumbar degenerative disc disease was materially aggravated for the worse.
14. The credible evidence of record establishes that as a result of his aggravated lumbar degenerative disc disease, it was medically reasonable and beneficial for plaintiff to undergo a course of physical therapy and epidural steroid injections.
 ***********
Based upon the foregoing stipulations and findings of fact, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1 On March 23, 2007, plaintiff sustained an injury by accident arising out of and in the course of his employment with defendant-employer. N.C. Gen. Stat. § 97-2(6). *Page 7 
2. Because the controversy at issue involves plaintiff's lower back, a body part not listed on defendant's Form 60, theParsons' presumption does not apply in this matter.Perez v. American Airlines,174 N.C. App. 128, 620 S.E.2d 288 (2005); Parsons v. Pantry,Inc., 126 N.C. App. 540, 485 S.E.2d 867 (1997).
3. In a claim for additional compensation for medical treatment, the treatment must be "directly related to the original compensable injury." Pittman v. Thomas Howard,122 N.C. App. 124, 130, 468 S.E.2d 283, 286, disc. reviewdenied, 343 N.C. 513, 471 S.E.2d 18 (1996). It is the burden of the injured worker to prove that the injury or condition being treated is causally related to the compensable injury by accident.Snead v. Mills, Inc., 8 N.C. App. 447, 174 S.E.2d 699 (1970).
4. Further, where the exact nature and probable genesis of a particular type of injury involves complicated medical questions far removed from the ordinary experience and knowledge of laymen, only an expert can give competent opinion evidence as to the cause of the injury." Click v. Pilot Freight Carriers, Inc.,300 N.C. 164, 167, 265 S.E.2d 389, 391 (1980).
5. In this case, plaintiff has shown by the greater weight of the medical evidence and plaintiff's credible testimony concerning his ongoing pain that the aggravation of his pre-existing lumbar degenerative disc disease is causally related to the compensable injury by accident. Snead v. Mills, Inc., supra.
6. As the result of his March 23, 2007 injury by accident and the causally related aggravation of his lumbar degenerative disc disease, plaintiff is entitled to have defendant pay for all related medical expenses incurred or to be incurred, subject to the provisions of N.C. Gen. Stat. § 97-25.1, including the physical therapy and epidural steroid injections and other related *Page 8 
treatment recommended by Dr. Gilbert, when the medical bills have been approved according to established Industrial Commission procedures. N.C. Gen. Stat. §§ 97-25; 97-25.1.
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 AWARD
1. Defendant shall pay for all related medical expenses incurred or to be incurred by plaintiff as the result of his March 23, 2007 injury by accident and the causally related aggravation of his lumbar degenerative disc disease, subject to the provisions of N.C. Gen. Stat. § 97-25.1, including the physical therapy and epidural steroid injections and other related treatment recommended by Dr. Gilbert, when the medical bills have been approved according to established Industrial Commission procedures.
2. Defendant shall pay the costs.
This the 25th day of May, 2010.
 S/___________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
CONCURRING:
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER *Page 9 
 S/___________________ DIANNE C. SELLERS COMMISSIONER *Page 1