***********
The Full Commission has reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Rideout and the briefs and arguments before the Full Commission. The appealing party has not shown good grounds to reconsider the evidence, receive further evidence, rehear the parties or their representatives. The Full Commission AFFIRMS with some modifications the Opinion and Award of the Deputy Commissioner.
 ***********
The Full Commission finds as facts and concludes as matters of law the following, which were entered into by the parties at the hearing before the Deputy Commissioner as: *Page 2 
 STIPULATIONS
1. All parties are properly before the Industrial Commission and the Industrial Commission has jurisdiction over the subject matter.
2. All parties are subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
3. All parties have been correctly designated and there is no question as to misjoinder or nonjoinder of parties.
4. Plaintiff sustained an injury by accident arising out of and in the course of her employment with defendant-employer on November 22, 2005 when a pallet loaded with tubs of processed meat fell on her, injuring her left leg.
5. Defendant filed a Form 60 admitting liability for a contusion to plaintiff's left leg as a result of the November 22, 2005 injury by accident. No other injuries arising out of the accident have been admitted by defendant.
6. Defendant was self-insured on November 22, 2005 and Sedgwick CMS, Inc. was the servicing agent.
7. An employment relationship existed between plaintiff and defendant-employer on November 22, 2005, the date of alleged injury.
8. Defendant employed three or more employees on November 22, 2005.
9. The last date plaintiff worked for defendant was on or about February 6, 2008.
10. Plaintiff's average weekly wage on November 22, 2005 was $474.84, which yields a compensation rate of $316.56. *Page 3 
11. The issues before the Full Commission are whether plaintiff's back condition is causally related to her November 22, 2005 injury by accident, and if so, to what, if any, additional medical treatment or compensation is plaintiff entitled.
 *********** EXHIBITS
1. The following were entered into evidence during the hearing before the Deputy Commissioner:
 • Defendant's Exhibit 1: Report dated November 22, 20005.
 • Defendant's Exhibit 2: OSHA form.
 • Defendant's Exhibit 3: Employee attendance records of 2005.
 • Defendant's Exhibit 4: Incident report.
 • Defendant's Exhibit 5: Safety incident report.
 • Defendant's Exhibit 6: Incident report.
 • Plaintiff's Exhibit 1: Photographs.
 ***********
Based upon all the competent, credible evidence of record, the Full Commission makes the following:
 FINDINGS OF FACT
1. On November 22, 2005 plaintiff was employed by defendant to pack Slim Jims in a box on a scale. On the date of the incident, November 22, 2005, a pallet of Slip Jims broke loose and knocked plaintiff down, causing her to fall on her right side. Plaintiff completed defendant's Occupational Health Services form on the date of incident and both plaintiff and *Page 4 
defendant's company nurse signed indicating that plaintiff was suffering from a contusion to the back of her left leg. The form did not indicate injury to any additional body part.
2. On November 28, 2005 plaintiff completed another Occupational Health Services form in which she again indicated that she was suffering from a contusion to the back of her left leg. This form also did not mention an injury to any additional body part during the incident.
3. On November 29, 2005 Beverly Actkinson, plaintiff's supervisor, completed an additional form as part of defendant's routine investigation of on the job incidents. The report indicated plaintiff sustained an injury to her leg, resulting in bruising to her lower left leg. The information contained in the report was based upon information received from plaintiff by her supervisor. If plaintiff had indicated she injured any other body part, such injury would have been included in the report.
4. Because of plaintiff's continued complaints of pain, she was referred to Dr. Douglas Keith, a specialist in family practice and occupational medicine. Dr. Keith examined plaintiff on November 29, 2005. Dr. Keith indicated that plaintiff's main complaint was that she could not bear weight on her injured left leg. Dr. Keith noted plaintiff reported that a stack of boxes with meat in them tipped over, landed on her and injured the rear part of her lower left leg. The only documented complaint in Dr. Keith's chart was the injury to plaintiff's left leg. Plaintiff did not complain to Dr. Keith at that time of an injury to any additional body part, according to the record. After examining plaintiff, Dr. Keith determined that plaintiff could return to work immediately at light duty.
5. On December 5, 2005 plaintiff was evaluated by Dr. Keith's physician assistant for complaints of pain to her left leg. Dr. Keith then re-evaluated plaintiff on December 22, 2005. That evaluation was confined to plaintiff's complaints of left leg pain. *Page 5 
6. On December 29, 2005 was again evaluated by Dr. Keith. Plaintiff complained of low back and hip discomfort. This was the first documented complaint of back pain from plaintiff. Dr. Keith indicated these were new complaints and he was unable to causally relate these new symptoms to the incident at work. Plaintiff was examined several more times by the Dr. Keith's physician assistant in January 2006. During these visits plaintiff made continuing complaints of left leg and back pain. There were no objective findings noted during plaintiff's exam that supported the complaints of back pain.
7. February 1, 2006 was the last exam Dr. Keith performed on plaintiff. During this visit plaintiff complained of pain over the entire left side of her body from shoulder to calf. Dr. Keith opined that these were new complaints and unrelated to the original injury by accident. As a result of the February 1, 2006 evaluation, Dr. Keith released plaintiff to full duty work starting the following day. Dr. Keith did not believe plaintiff had any permanent functional impairment to her left leg as a result of the November 22, 2005 incident. Dr. Keith discharged plaintiff from his care at that time, indicating plaintiff was at maximum medical improvement.
8. Plaintiff also treated with Dr. Debra Baskett. This treatment began several months after plaintiff's injury by accident of November 22, 2005. Plaintiff reported left shoulder and left leg pain to Dr. Baskett. Dr. Baskett did not provide any opinion regarding whether plaintiff's back condition was causally related to the compensable injury by accident.
9. Dr. Baskett took plaintiff out of work on February 4, 2008. Plaintiff last worked for defendant-employer on February 6, 2008.
10. Based on the greater weight of the medical evidence, including Dr. Keith's opinion that plaintiff's back condition was not caused by or related to plaintiff's injury by accident and Dr. Baskett not providing a causation opinion, the Full Commission finds that *Page 6 
plaintiff's back condition is not causally related to plaintiff's compensable fall on November 22, 2005.
 ***********
Based on the foregoing stipulations and findings of fact, the Full Commission makes the following:
 CONCLUSIONS OF LAW
1. On November 22, 2005, plaintiff sustained an injury by accident arising out of and in the course of her employment with defendant-employer, injuring her left leg. N.C. Gen. Stat. § 97-2(6).
2. Defendant admitted plaintiff's left leg injury on a Form 60. Because the controversy at issue involves plaintiff's back, a body part not accepted on defendant's Form 60, the Parsons' presumption does not apply in this matter. Perez v. AmericanAirlines, 174 N.C. App. 128, 620 S.E.2d 288 (2005);Parsons v. Pantry, Inc.,126 N.C. App. 540, 485 S.E.2d 867 (1997).
3. In a claim for additional compensation for medical treatment, the treatment must be "directly related to the original compensable injury." Pittman v. Thomas Howard,122 N.C. App. 124, 130, 468 S.E.2d 283, 286, disc. reviewdenied, 343 N.C. 513, 471 S.E.2d 18 (1996). It is the burden of the injured worker to prove that the injury or condition being treated is causally related to the compensable injury by accident.Snead v. Mills, Inc., 8 N.C. App. 447, 174 S.E.2d 699 (1970).
4. Plaintiff did not meet her burden to prove that her back condition is causally related to her compensable injury by accident and therefore plaintiff is not entitled to additional *Page 7 
compensation for medical treatment related to her back condition as a result of the injury by accident of November 22, 2005. N.C. Gen. Stat. §§ 97-2(19), 97-27(b).
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 ORDER
1. Plaintiff's claim for additional medical compensation for her back condition must, under the law, be and hereby is DENIED.
2. Each side shall bear their respective costs.
This the 30th day of December, 2010.
 S/_______________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
CONCURRING:
 S/______________ PAMELA T. YOUNG CHAIR
 S/________________ CHRISTOPHER SCOTT COMMISSIONER